# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RAFAEL TORRES, | )<br>) |
| Petitioner, | )<br>) |
| v. | ) Case No. 1:16-cv-02735-JMS-MPB<br>) |
| SUPERINTENDENT,[1] | )<br>)<br>) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Rafael Torres for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 16-02-0012. For the reasons explained in this Entry, Torres's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445,

---

[1] The Superintendent of the Miami Correctional Facility is **substituted** as the proper respondent in this action because Torres is currently in custody at the Miami Correctional Facility.

454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On January 30, 2016, Investigator P. Prulhiere issued a Report of Conduct charging Torres with possession or use of a cell phone in violation of Code A-121 (Ex. A). The Report of Conduct states:

> On January 30, 2016 at approximately 1:00 pm, I, Investigator P. Prulhiere, completed an investigation of Offender Rafael Torres 144059 for use or possession of a cell phone. Due to the evidence I have collected, I have found sufficient evidence to charge Offender Torres with use or possession of a cell phone.

The Report of Investigation, also written by Investigator Prulhiere, provides a detailed description of Prulhiere's investigation of Torres.

Torres was notified of the charge on February 3, 2016, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing. The Screening Officer noted that Torres did not request any witnesses but requested the Report of Investigation as physical evidence.

The Hearing Officer conducted a disciplinary hearing on February 17, 2016. The Report of Disciplinary Hearing reflects that Torres stated: "I am not guilty. The requested evidence was never addressed. They never showed proof/evidence that Nicole was on JPay and have had visits with her. This info is 5 months old". The Hearing Officer found Torres guilty of use or possession of a cell phone in violation of Code A-121 after considering the staff reports, investigation report, and the statement of offender. The recommended and approved sanction imposed included loss of privileges, 180 days of lost credit time, and imposition of a demotion in credit class from class 1 to class 2. The Hearing Officer imposed the sanctions because of the

frequency of the conduct and likelihood of the sanction having a corrective effect on the offender's future behavior.

Torres's appeals were denied and he filed the present petition for a writ of habeas corpus.

### C. Analysis

Torres challenges the disciplinary action against him arguing that the hearing officer arbitrarily switched his plea and statement from case IYC-16-02-0090 with the statement in the instant case, IYC-02-0012. In case IYC-16-02-0090, Torres was recorded as stating, "I plead guilty." In other words, Torres is arguing that he intended to plead guilty to in this case, IYC-02-0012 (*see* Dkt. 1 at 4 ("In case number IYC16-02-0012, I did indeed plead guilty . . . .")), but contends the failure to correctly record this plea is a due process violation. Torres has failed to identify a due process violation here. There can be no violation without a corresponding right and prejudice to Torres. *See Hill*, 472 U.S. at 454 (listing due process rights); *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Here, because Torres admits he intended to plead guilty, there was no prejudice in his being found guilty.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Torres to the relief he seeks. Accordingly, Torres's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/25/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RAFAEL TORRES
144059
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
BUNKER HILL, IN 46914

Abigail T. Rom
OFFICE OF THE ATTORNEY GENERAL
abby.rom@atg.in.gov